UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MINA RAYMOND, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| **UNUM, THE BENEFIT GROUP, ET AL.** | **NO. 20-00352-BAJ-EWD** |

## ORDER

Before the Court is the United States **Magistrate Judge's Report and Recommendation (Doc. 33)** pursuant to 28 U.S.C. § 636(b)(1). The Report and Recommendation addresses Plaintiffs' Motion to Remand (Doc. 26), seeking to remand the case to the Nineteenth Judicial District Court for the State of Louisiana. The Motion is opposed. (Doc. 29). Plaintiffs filed a Reply memorandum. (Doc. 32). The Magistrate Judge recommends that the Motion (Doc. 26) be denied and this matter referred to her for a scheduling conference. (Doc. 33, p. 2). The Recommendation itself is unopposed.

This case involves a contract dispute between Plaintiffs, Mina Raymond and Steven Raymond, and Defendents, Paul Revere Insurance Company, New York Life Insurance Company, and "Unum, the Benefit Group".[1] (Doc. 33, p. 3). Plaintiff Mina Raymond was issued a Premier Disability Insurance Policy ("Policy") on or about

---

[1] As will be discussed more fully, the correct identity of the Unum entity has resulted in confusion. Plaintiff's First Amended Petition names as a Defendant, "Unum, the Benefit Group." (Doc. 26-2, p. 1). According to the declaration of Paul Julienne, corporate secretary for the Unum Group, none of its associated entities is known as "Unum, the Benefit Group." (Doc. 24-2, p. 1). The Unum Group is the parent company of Paul Revere Insurance Co. (Doc. 24, p. 3). Plaintiffs contend that the Unum Group has answered the lawsuit and has appeared as a Defendant. (Doc. 24, p. 1). Defendants counter that the only necessary defendant in this action is Paul Revere. (Doc. 24, p. 2). However, Defendants do not seek dismissal of either the Unum Group or New York Life at this time. (*Id.*).

1

March 24, 1988 by New York Life Insurance Company. (*Id.*). On April 27, 2020, Plaintiffs filed a Petition for Damages against Paul Revere Insurance Company, New York Life Insurance Company, and Unum, the Benefit Group in the Nineteenth Judicial District Court to contest a determination by Defendants that Mina Raymond was no longer considered to be "Totally Disabled" as defined by her disability policy. (Doc. 26-1, p. 1–2). Plaintiffs also alleged several tort violations related to Defendants' attempts to recover past benefits paid from 2014 and 2020. (Doc. 33, p. 5). After the Petition was filed, Defendants sought payment for past due premiums allegedly owed by Plaintiffs. (Doc. 26-1, p. 2). Because the policy provides that premiums are waived during a period of disability, and Plaintiffs contend that Mina Raymond is still disabled under the policy, Plaintiffs refused to pay the premiums. (*Id.*). In an effort to avoid cancellation of the policy, Plaintiffs tendered the amount requested by Defendants into the registry of the state court and amended their petition to assert that Defendants wrongfully sought payment of the previously waived premiums. (Doc. 33, p. 5–6). Despite this, Defendants assert that Plaintiffs' policy was cancelled for nonpayment. (*Id.*).

Defendants subsequently removed the matter to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 and filed a counterclaim against Plaintiffs for the return of the benefits paid. (Doc. 1); (Doc. 9). Plaintiffs, "[p]ursuant to 28 USC Sec 2041-2042 and Local Civil Rule 67," moved the deposit of the unpaid premiums into the registry of this Court. (Doc. 3). In doing so, Plaintiffs disclaimed

liability for any premiums, but sought to deposit the funds "out of an abundance of caution." (Doc. 3-1, p. 4). This Motion was unopposed.

However, following a July 24, 2020 telephone hearing and conference with the Magistrate Judge, it came to light that the Unum defendant named in Plaintiffs' Petition was, in fact, fictitious. *See* (Doc. 24). Therefore, it was not clear whether complete diversity existed. (Doc. 33, p. 9). The parties subsequently filed a "Joint Notice Advising [the] Court of Status Discussions and Identity and Citizenship of the Correct Unum Defendant" (Doc. 24), where the parties acknowledge that "Unum Group" rather than the named "Unum, the Benefit Group" or "Unum, the Benefit Center" is the correct Defendant in this matter. (Doc. 24, p. 1–2). Unum Group is still a diverse party. (*Id.*).

Following this revelation, Plaintiffs attempted to challenge this Court's subject matter jurisdiction, first by sur-reply brief, (Doc. 19-1), and later in a properly filed Motion to Remand. (Doc. 26). Plaintiffs' Motion to Remand asserts that Plaintiffs requested a state court concursus proceeding when they initially deposited funds in the state court, and therefore this Court lacks jurisdiction over the entire proceeding. (Doc. 26-1, p. 11–19). Defendants argue that Plaintiff's Motion to Deposit did not initiate a concursus proceeding, and therefore that the Motion should be denied. (Doc. 29, p. 4–9).

Louisiana law provides that "a concursus proceeding is one in which two or more persons having competing or conflicting claims to the money, property, or

3

mortgages or privileges on property are impleaded and required to assert their respective claims contradictorily against all other parties to the proceeding." LA. CODE CIV. P. art 4651. The Magistrate Judge notes that "this matter does not involve competing claims to the funds deposited or a risk that Plaintiffs face liability to, or litigation with, multiple parties," and therefore this is not a concursus proceeding under Louisiana Law. (Doc. 33, p. 12) (citing *Hibernia Nat. Bank v. Blossman*, 583 So.2d 5, 8 (La. Ct. App.), *writ denied*, 589 So.2d 1067 (La. 1991)). While the Recommendation addresses Plaintiffs' other arguments in favor of remand, all depend on the legally erroneous assertion that Plaintiffs' State Court action was a concursus proceeding. Therefore, the Court declines to review them here. Further, Plaintiffs do not oppose the Magistrate Judge's finding in the Report and Recommendation that their state court action was not a concursus proceeding.

Having independently considered the underlying Complaint, Motion, Objection, and related filings, the Court **APPROVES** the Magistrate Judge's Report and Recommendation, and **ADOPTS** it as the Court's opinion herein.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion (Doc. 26) is **DENIED** for the reasons explained in the Magistrate Judge's Report and Recommendation (Doc. 33).

**IT IS FURTHER ORDERED** that this matter be referred for a scheduling conference.

**IT IS FURTHER ORDERED** that Plaintiff's shall file an amended Complaint deleting all references to the fictitious entity Unum, the Benefit Group by no later than ten days from the date of this Order.

Baton Rouge, Louisiana, this 15th day of March, 2021

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**