UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MINA RAYMOND, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| **UNUM GROUP, ET AL.** | **NO. 20-00352-BAJ-EWD** |

## RULING AND ORDER

As set forth in this Court's prior Orders, this action involves an insurance dispute over disability benefits governed by a Premier Disability Insurance Policy (the "Policy") issued to Plaintiff Mina Raymond on March 24, 1988, by Defendant New York Life Insurance Company, and thereafter administered by Defendants Paul Revere Life Insurance Company, and Unum Group (collectively, "Defendants"). Plaintiffs contend that Defendants materially breached the Policy in multiple ways, including by: (1) failing to pay Social Insurance Supplemental Benefits ("SIS Benefits") during the period July 2001 to January 2013, after Mina was diagnosed with Multiple Sclerosis and could no longer perform her regular employment as a pharmacist, (Doc. 38 at ¶¶ 17, 37-41); (2) issuing a "reservation of rights letter" dated May 14, 2019, stating without cause that, due to Mina's income, Defendants "were making conditional all past and future payments under the Policy," (*id.* at ¶ 45); (3) issuing Mina a "revised reservation of rights letter" dated June 14, 2020, stating without cause that Defendants "were reserving rights to seek $222,318.91 in benefits paid from 2014 until the time of the correspondence," because Mina did not "financially qualify" for these benefits, (*id.* at ¶ 51); and (4) cancelling the Policy without cause on

March 31, 2020, and demanding return of $225,578.91 in benefits paid between 2014 and February 2020, "based solely on an evaluation on [Mina's] income, despite clear evidence that she remained Totally Disabled on a permanent basis," (*Id.* at ¶ 52).

Based on these allegations (and more) Plaintiffs pursue multiple breach of contract claims. (Doc. 38 at ¶¶ 76-80, 83-88). Additionally, and most relevant here, Plaintiffs pursue a claim for unjust enrichment, contending that Defendants benefitted financially by unjustly failing to pay Mina's SIS Benefits from 2001 to 2013, *and* from re-determining Mina's eligibility for all benefits in 2019, because *in addition to* eliminating payments to Mina under the Policy, these actions allowed Defendants to reduce "liabilities" on their "balance sheet and accounting records," which, in turn, allowed Defendants to reduce their "settlement reserves." (Doc. 38 at ¶ 89; *see also id.* at ¶¶ 41, 45).

Now, Defendants move for judgment on the pleadings as to Plaintiffs' unjust enrichment claim, arguing *solely* that it fails because Plaintiffs have other remedies available to them to recoup Mina's alleged losses, specifically (1) compensatory damages for breach(es) of the Policy; (2) statutory penalties under La. R.S. 22:1821; and (3) legal interest from the time of breach. (Doc. 147-1 at p. 5). Plaintiffs oppose Defendants' motion. (Doc. 185).

The standard for a motion for judgment on the pleadings under Federal Rule of Civil Procedure ("Rule") 12(c) is the same as the standard for a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). "The critical issue is whether the complaint contains 'sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Doe v. Bd. of Supervisors of Univ. of Louisiana Sys.*, --- F.Supp.3d ----, 2023 WL 143171, at *8 (M.D. La. Jan. 10, 2023) (Jackson, J.) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

To prevail on an unjust enrichment claim, Plaintiffs must show (among other things) that they lack any "other remedy at law." *Baker v. Maclay Properties Co.*, 94-1529 (La. 1/17/95), 648 So. 2d 888, 897.[1] Here, Plaintiffs plausibly allege that by unjustifiably failing to pay Mina SIS Benefits for more than 11 years, and thereafter redetermining Mina's eligibility for *all* benefits, Defendants not only saved themselves money that they otherwise should have paid Mina under the Policy, but also achieved a benefit in the form of reduced liabilities and reduced "settlement reserves." (Doc. 38 at ¶ 89). Obviously, the sum Defendants allegedly saved by failing to pay Mina her contracted benefits is compensable through contract damages, statutory penalties, and legal interest. It is not so obvious, however, that the alleged (and yet-to-be-determined) benefit to Defendants' bottom line is compensable through such damages. Plausibly, such a benefit may exceed payments allegedly due to Mina under the Policy. Moreover, Defendants have not identified any authority establishing that Plaintiff *cannot* recover the value of such a benefit to Defendants under an unjust enrichment theory.

---

[1] Additionally, Plaintiffs must show (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and resulting impoverishment, and (4) an absence of "justification" or "cause" for the enrichment and impoverishment. *Baker*, 648 So. 2d at 897. As indicated above, Defendants do not address these elements of Plaintiffs' claim, thus waiving their challenge at this stage. *See Doe*, 2023 WL 143171, at *17, n.1 ("[T]his Court has repeatedly admonished that it will not speculate on arguments that have not been advanced, or attempt to develop arguments on a party's behalf." (citing authorities)).

In sum, at the Rule 12 stage, Plaintiff's allegations establish a plausible basis to conclude that Defendants materially benefitted from failing to perform their obligations under the Policy, in excess of the sums that Plaintiff may recover in compensatory damages, statutory penalties, and interest. These allegations deserve evidentiary development to determine the full extent that Defendants improved their position by allegedly failing to perform their obligations under the Policy.

Accordingly,

**IT IS ORDERED** that Defendants' **Motion For Judgment On The Pleadings Pursuant To Rule 12(c) (Doc. 147)** be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 9th day of March, 2023

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**