UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MINA RAYMOND, ET AL.**                                              **CIVIL ACTION**

**VERSUS**

**UNUM GROUP, ET AL.**                                            **NO. 20-00352-BAJ-EWD**

## RULING AND ORDER

This is a life insurance policy dispute. Plaintiffs Mina and Steven Raymond allege that Defendants New York Life Insurance Company ("NY Life"), Paul Revere Life Insurance Company ("PR Life"), and Unum Group conspired to deny Mina benefits under a Disability Insurance Policy issued by NY Life in 1988. In turn, Defendants allege that Plaintiffs defrauded them by providing materially false information and seek recovery of $225,578.91 in disability benefits paid under the Disability Insurance Policy between 2014 and 2020.

On March 16, 2023, the Court denied Plaintiffs' Motion for Partial Summary Judgment on Defendant's counterclaims and ordered Plaintiffs to show cause why summary judgment should not be entered in *Defendants'* favor. (*See* Doc. 240 at pp. 23–24). Plaintiffs were put on notice that "failure to timely submit a show cause memorandum will be deemed a waiver and will result in *sua* sponte dismissal of Plaintiffs' claims, leaving only Defendants' counterclaims for trial." (*See* Doc. 240 at p. 24). Plaintiffs failed to abide by the Court's order and submitted their show cause memorandum late.

Nonetheless, on March 31, 2023, the Court reviewed Plaintiff's untimely memorandum, concluded it merely restated arguments previously debunked, and dismissed Plaintiffs' claims with prejudice, leaving only Defendant's counterclaims set for trial ("the Partial Judgment"). (*See* Doc. 246 at p. 2).

Now before the Court is Plaintiffs' **Motion for Supplemental Order for Determination under Rule 54(b) with Incorporated Memorandum (Doc. 248).** In their Motion, Plaintiffs move the Court "for a supplemental order to include and be supported by a finding that there is no just reason for delay with respect to the entry of judgment provided by Federal Rule of Civil Procedure ("Rule") 54(b), and that the [Partial Judgment] be certified as final for purposes of appeal." (*See* Doc. 248-3 at p. 2). Plaintiffs argue that the Court should grant their motion "in order to avoid piecemeal litigation of the issues, and [to] prevent risk of prejudice to the Plaintiffs from waiting until after the trial on the counter-claim to pursue an appeal." (*See* Doc. 257 at p. 3). Defendants are unopposed to certification under Rule 54(b) of the Partial Judgment, "so long as the district court litigation pertaining to Defendants' counterclaim is stayed while the [U.S. Court of Appeals for the] Fifth Circuit addresses Plaintiffs' appeal." (*See* Doc. 254 at p. 1).

"In an action that entails more than one claim for relief, a district court may direct the entry of a final judgment as to fewer than all of the claims or parties in a case 'only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.'" *Rd. Sprinkler Fitters Loc. Union v. Cont'l Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (*citing* Fed. R. Civ. P. 54(b)).

When deciding whether to certify a judgment as final, the Court must weigh "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other." *See id.* (*citing Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)). "A district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996).

Here, Plaintiffs have failed to identify the hardship or injustice that would be alleviated by immediate appeal. They claim there is a *risk* they will be prejudiced if they must wait until after the trial on the counterclaim to pursue an appeal. But absent a specific argument of how Plaintiffs would be prejudiced, the Court does not see how their situation is different from any other case in which a party's claims are dismissed, leaving only their opponent's counterclaims set for trial. In other words, there is no "danger of denying justice by delay" here.

Plaintiffs further argue that "[a] ruling from the Fifth Circuit will clarify the legal criteria that should apply in jury instructions regarding the counterclaim, and otherwise dictate the trial of the counter claim itself." (*See* Doc. 257 at p. 3). This argument is also unavailing. In the Court's view, Plaintiffs' case does not present novel issues that are not already addressed in Fifth Circuit caselaw. When denying Plaintiffs' Motion for Summary Judgment, the Court relied on the Fifth Circuit's ruling in *House v. American United Life Insurance Company*, a life insurance policy

3

dispute in which the Circuit interpreted almost *identical* policy language. (*See* Doc. 240 at p. 15) (*citing* 499 F.3d 443, 453 (5th Cir. 2007)). Likewise, when crafting the jury instructions, the Court will look to the Fifth Circuit Pattern Jury Instructions and Fifth Circuit precedent to determine "the legal criteria that should apply" to Defendant's counterclaims. Should Plaintiffs take issue with the Court's jury instructions at the trial, they can take their objections up on appeal in the normal course.

Finally, the "[e]ntry of a Rule 54(b) order is discretionary." *Jasmin v. Dumas*, 726 F.2d 242, 244 (5th Cir. 1984). Moreover, "[t]he district court's discretion over the certification of final orders for appeal under Rule 54(b) is a strong and important tool for the management of cases." *Monument Mgmt. Ltd. P'ship I v. City of Pearl, Miss.*, 952 F.2d 883, 885 (5th Cir. 1992). Seeing no hardship or injustice that would ensue absent an immediate appeal, the Court declines to exercise its discretion to certify the Partial Judgment under Rule 54(b).

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion for Supplemental Order for Determination under Rule 54(b) with Incorporated Memorandum (Doc. 248)** be and is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's **Motion for Stay Pending Appeal with Incorporate Memorandum (Doc. 249)** be and is hereby **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the Parties' **Joint Motion for Extension of Time to File Revised Pretrial Order and to Continue Pretrial Conference and Trial Dates (Doc. 258)** be and is hereby **DENIED.**

Baton Rouge, Louisiana, this 1ST day of June, 2023

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**